(No. 32553.—

MAX BERGER, Appellee, *vs.* EDWARD J. BARRETT, Secretary of State, Appellant.

*Opinion filed January 22, 1953.*

44

Ivan A. Elliott, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, A. Zola Groves, and John T. Coburn, of counsel,) for appellant.

Edward H. Murnane, of Chicago, for appellee.

Mr. Chief Justice Crampton delivered the opinion of the court:

The defendant, Edward J. Barrett, as Secretary of State of the State of Illinois, appeals directly to this court from a judgment of the superior court of Cook County overruling his motion to strike and dismiss the plaintiff's complaint under the Administrative Review Act and ordering the Secretary of State to issue to plaintiff a certificate of registration and title for a certain vehicle. The trial court held unconstitutional section 4(b), as amended, of the Uniform Motor Vehicle Anti-Theft Act. (Ill. Rev. Stat., 1951, chap. 95½, par. 77.) The appeal comes here directly to resolve the constitutional question.

The case was decided upon the pleadings, so there are no issues of fact. The plaintiff, a resident of Chicago, purchased on April 5, 1951, from Dick Connelle Chevrolet, Inc., of Detroit, Michigan, a new 1951 Chevrolet current model sedan delivery commercial car or truck. Under date of July 28, 1951, he applied to the Secretary of State of Illinois, the defendant herein, for a certificate of registration of said vehicle and for a certificate of title thereto.

The plaintiff's application for a certificate of title of said vehicle was accompanied by a manufacturer's certificate of origin on said vehicle duly assigned to plaintiff, and the plaintiff's personal check in the amount of $12.50. The application was not accompanied by the $20 investigation fee required by section 4(b) of the statute in question. Accordingly, the Secretary of State returned the applications and declined to issue the certificate of title until payment by plaintiff of the $20 title investigation fee. The plaintiff filed his complaint under the Administrative Review Act to require the Secretary of State to issue such certificate of title without payment of the fee. In the complaint the plaintiff sets forth that section 4(b) of the act in question, as amended in 1939, was held unconstitutional by this court in the case of *Clements* v. *Hughes,* 375 Ill. 170, and attacks the constitutionality of the same section as amended by the Illinois legislature in 1951 on substantially the same grounds. The charges of invalidity may be summarized briefly as follows: The classification attempted has no reasonable basis with reference to the stated purpose of the statute, the attempted classifications are arbitrary and unreasonable, the plaintiff is deprived of his property without due process of law, and he is denied equal protection of the laws, the act attempts to regulate and is a burden upon interstate commerce, and the fees provided for are excessive and unreasonable and grossly in excess of the cost of investigation, all in violation of sections 8, 9 and 10 of article I of the constitution of the United States, of section 1 of the fourteenth amendment to the constitution of the United States and of section 2 of article II of the constitution of the State of Illinois.

Section 4(b) of "An act in relation to the prevention of the theft of motor vehicles by requiring certificates of title for registered motor vehicles and the licensing of dealers in used motor vehicles, trailers, semi-trailers, and parts thereof" was originally adopted by the General Assembly

in 1933, and after various amendments was finally enacted in the form now presented to this court by the General Assembly in 1951. Said section provides as follows:

"Whenever application is made for a certificate of title for a motor vehicle for which a certificate of title has not previously been issued in this State, such application shall include a bill of sale or statement of transfer by the seller and of any lien retained by such seller. The sale or transfer of a motor vehicle for which a certificate of title has previously issued in this State, or the sale or transfer of a new or used motor vehicle by a dealer duly registered with the Secretary of State as required by the laws of this State and duly enfranchised by a manufacturer of motor vehicles or by an authorized distributor of such manufacturer, or the sale or transfer of a used motor vehicle by a dealer duly licensed as provided in this Act, shall, in each such case, be prima facie evidence to the Secretary of State that the purchaser or transferee is the owner of such vehicle and legally entitled to make application for a certificate of title therefor; provided, that if the Secretary of State, from examination of the application for a certificate of title for any such vehicle, or by other evidence available to him, is of the opinion that such applicant is not the owner of the vehicle, he shall not issue a certificate of title therefor but shall, upon payment to him by said applicant of the sum of twenty dollars ($20.00) as a fee for title investigation, cause a thorough investigation to be made of the source and antecedents of such title and the right of such applicant to a certificate of title. Where application is made for a certificate of title for a new or used motor vehicle not previously titled in this State and not sold or transferred under any of the above enumerated conditions establishing a prima face case of ownership in the purchaser or transferee, the Secretary of State shall not issue a certificate of title therefor, but shall, upon payment to him by said applicant of the sum of

twenty dollars ($20.00) as a fee for title investigation, cause a thorough investigation to be made of the source and antecedents of such title and the right of such applicant to a certificate of title.

"If, as a result of any investigation of title herein authorized, the Secretary of State is satisfied as to the validity of the title and ownership of the applicant, he shall issue a certificate of title in accordance with the terms of this Act. The Secretary of State, in his discretion, may combine the application for a certificate of title with the application for the certificate of registration."

In *Clements* v. *Hughes,* 375 Ill. 170, we held unconstitutional section 4(b) of the same act as it was amended in 1939 (Ill. Rev. Stat. 1939, chap. 95½, par. 77,) which section then read as follows:

"Whenever a new motor vehicle for which a certificate of title has not previously been issued is purchased from a dealer the application for a certificate of title shall include a bill of sale or statement of transfer by the dealer and of any lien retained by such dealer. The applicant for a certificate of title for a motor vehicle purchased in any other state having a certificate of title law shall submit with his application the certificate of title issued by such other state. If the applicant is a resident of this State and has not secured a certificate of title in such other state or legally recorded the purchase of the motor vehicle or registered the same as may be required by the laws of the state in which such vehicle was purchased, or if such applicant has secured a certificate of title in such other state or so recorded or registered the same therein but has not owned such motor vehicle under such certificate, recordation or registration for at least ninety days prior to his application for a certificate of title in this State, he shall pay the sum of twenty-five ($25.00) dollars to the Secretary of State who shall thereupon cause an investigation to be made to determine whether the applicant is the owner of the motor

vehicle. Upon being satisfied of such ownership, the Secretary of State shall issue a certificate of title in accordance with the terms of this Act. If the applicant is a resident of Illinois and has purchased such motor vehicle because of wreckage, breakdown or other emergency mechanical cause, the repair or replacement of which would equal at least one-third ($\frac{1}{3}$) of the value of the motor vehicle so purchased in such other state and an affidavit to this effect from both the applicant and the dealer or other person from whom the applicant has purchased such vehicle accompanies the application for a certificate of title in this State, the Secretary of State, being satisfied with proof of ownership, shall issue a certificate of title and no investigation fee shall be charged such applicant. If an applicant for a certificate of title was at the time of the purchase of the motor vehicle in another state a legal resident therein but since such purchase has become a resident of Illinois, the Secretary of State, being satisfied with proof of ownership, shall issue a certificate of title and no investigation fee shall be charged such applicant. The Secretary of State, in his discretion, may combine the application for a certificate of title with the application for the certificate of registration."

In the *Clements case* the plaintiff, who resided in Illinois and had purchased a new automobile from an Indiana corporation at Hammond, Indiana, brought a suit very similar to the present one here before the court to require the Secretary of State to issue him a certificate of registration and of title without payment of the $25 investigation fee. We there held that the title investigation fee of $25 required by the act as then in force was an unwarranted burden on interstate commerce and unconstitutional, observing that while a State may exercise its police power to guard against fraud, it must be exercised in such a way as to avoid unjust discrimination against articles brought into the State in interstate commerce, as Congress and not

the State legislature is the instrumentality upon whom the people have placed the power of regulating such commerce.

It is important, therefore, to inquire to what extent does the present act, as amended in 1951, differ from the act as it was amended in 1939? Under the 1939 amendment an investigation and $25 fee was required if the application was by an Illinois resident for a new car purchased outside the State. Under such act no investigation and no fee was required where the application was for a new car purchased in the State, or for a used car purchased either in or outside the State. Under the present act an investigation and $20 fee is required where the application is for a new or used vehicle not previously titled within this State. Under this act no investigation and no fee is required if the application is for a car previously titled in this State or if it was purchased from a dealer licensed to do business in this State. The present act also provides that if the Secretary of State, from examination of the application or other evidence available, is of the opinion that the applicant to title a car previously titled in the State is not the owner of the vehicle he may cause a thorough investigation to be made upon the payment of the $20 fee prior to issuance of the certificate. In substance, the present act requires an investigation and payment of an investigation fee only on all vehicles not previously titled in Illinois or not purchased from a dealer licensed to do business in Illinois.

As noted in the *Clements case,* the effect of the prior act was to give Illinois dealers of motor vehicles an advantage over those in other States so far as purchases by Illinois residents are concerned. The reasoning employed by this court in that opinion, appearing at page 177, is applicable here: "The purpose stated in the title to the act, and argued by counsel for appellant, is to protect Illinois residents against sale to them of stolen cars. But the question arises

whether, under this act, the public is protected from theft by investigating the title secured by the Illinois purchaser who buys a new car out of the State and offers it for registration here. The transaction is completed. Whatever title he has has passed to him. If the Illinois purchaser has been dealing with a thief, he gets no protection from the investigation of his title. Does it have a tendency to deter the thief? This seems hardly probable since he is already voluntarily operating in violation of law, * * *. Neither argument of counsel for defendant, nor the record, afford a reason resting in local conditions for what appears to be a discrimination in the matter of registration fees as between imported and domestic new cars." The foregoing analysis is equally persuasive and determinative of the issue before us. A practical and realistic reading of the present statute indicates that under the guise of a measure to prevent traffic in stolen motor vehicles, like its predecessor statute, it in fact seeks to impose a protective tariff designed to insulate Illinois automobile dealers against competition from dealers in other States, thus it, too, became assailable in that it placed a forbidden burden on interstate commerce.

A State may exercise its police power to guard against fraud, but in so doing it must act in such a way as to avoid unjust discrimination as to articles brought into the State in interstate commerce, Congress, under the United States constitution, having the sole power to regulate such interstate commerce. *Clements* v. *Hughes*, 375 Ill. 170.

In view of this conclusion as to the invalidity of the statute in question as an unwarranted burden on interstate commerce, it becomes unnecessary to consider other grounds appearing in appellee's brief.

The superior court was correct in holding the act unconstitutional, and its judgment is affirmed.

*Judgment affirmed.*